| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

LOUISE PLOTT,

    Plaintiff,

v.                         **JURY TRIAL REQUESTED**

LOWE'S HOME CENTERS, LLC d/b/a
LOWE'S,

    Defendant.

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Louise Plott, by counsel, and files her *Complaint for Damages* against Defendant, Lowe's Home Centers, LLC d/b/a Lowe's (hereinafter "Lowe's"), and alleges and asserts the following:

1. At all times relevant to this action, Plaintiff, Louise Plott, was a resident of the City of Fort Wayne, County of Allen, State of Indiana.

2. At all times relevant to this action, Defendant, Lowe's, was and remains a Foreign For-Profit Corporation, domiciled in North Carolina, licensed and operating in the State of Indiana.

3. At all times relevant to this action, Lowe's owned, operated, managed, and maintained the Lowe's store located at 6931 Lima Road, Fort Wayne, Indiana (hereinafter "the Premises").

4. On April 23, 2018, Plaintiff Louise Plott was a guest/invitee of Defendant Lowe's at the Premises.

5. On said date and time, Plaintiff Louise Plott was injured when she slipped on a product display sign that had detached from a nearby lawn mower display located outside the entrance of the Premises and fell sustaining injury.

6. The product display, the parking lot, and entrance to the Lowe's store were not maintained in a reasonably safe condition, and the detached product display sign on the ground presented a danger to patrons entering and exiting the Premises.

7. As the owner of the Premises, Defendant Lowe's owed Plaintiff, Louise Plott, a business invitee on the Premises, a duty to maintain its premises in a reasonably safe condition and exercise reasonable care for the safety of patrons coming onto the Premises.

8. At said time and place, Defendant Lowe's knew, or by the exercise of reasonable care should have known, of the dangerous and hazardous condition of the outdoor product display with signage that could detach and fall onto the ground of the walking path of patrons entering and exiting the store. Further, Defendant Lowe's knew or should have known by the exercise of reasonable care of the dangerous and hazardous condition presented by the detached product display sign on the ground in front of the store's entrance and failed to take appropriate action to remedy the hazardous condition or warn invitees of the danger.

9. Defendant Lowe's was negligent in, among other things, the design and placement of the product display and signage, failing to inspect and maintain the subject Premises, failing to eliminate the detached product display sign from the walking path of business invitees, and failing to warn Plaintiff Louise Plott of said dangerous conditions on its Premises.

10. As a direct and proximate result of the negligence of Defendant Lowe's, Plaintiff Louise Plott, sustained severe and permanent injuries, primarily to her knees, which required surgical intervention.

11. In order to treat her injuries and to lessen her pain and suffering, Plaintiff Louise Plott has been required to engage the services of hospitals, physicians, radiologists, and therapists for medical care, diagnostic testing, physical therapy, and medication and has incurred, and will incur, substantial future medical bills for such treatment.

12. As a direct and proximate result of the negligence of Defendant Lowe's, Plaintiff Louise Plott may be required to seek medical treatment in the future, and will incur the expenses attendant therewith.

13. At the time that Plaintiff Louise Plott sustained the aforementioned injuries, she was gainfully employed and, as a direct and proximate result of her injuries, was forced to miss work and has incurred lost wages and income, and may incur lost wages in the future.

14. As a direct and proximate result of the negligence of Defendant Lowe's, Plaintiff Louise Plott experienced mental anguish, emotional distress, pain and suffering, all of which may continue for an indefinite period.

15. As a result of the injuries sustained in this accident, Plaintiff Louise Plott's quality of life has been diminished.

16. As a direct and proximate result of the negligence of Defendant Lowe's, as aforementioned, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Louise Plott, prays for judgment against Defendant, Lowe's Home Centers, LLC d/b/a Lowe's, in an amount commensurate with her injuries and damages, for the costs of this action, for trial by jury, and for all other just and proper relief in the premises.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephanie L. Cassman*
Stephanie L. Cassman, #22206-49
Attorney for Plaintiff

## JURY DEMAND

Comes now the Plaintiff, Louise Plott, by counsel, and hereby demands a trial by jury against the Defendant on all issues set forth in this cause of action.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephanie L. Cassman*
Stephanie L. Cassman, #22206-49
Attorney for Plaintiff

**WAGNER REESE, LLP**
11939 N. Meridian Street
Carmel, IN 46032
317-569-0000 (T)
317-569-8088 (F)
SCassman@wagnerreese.com



**WAGNER REESE**
INDIANA TRIAL ATTORNEYS

11939 N. Meridian Street #100 | Carmel, IN 46032

CERTIFIED MAIL

7018 3090 0001 7597 5617

NEOPOST
03/19/2020
US POSTAGE $007.05
FIRST-CLASS MAIL
ZIP 46032
041M11296585

Lowe's Home Centers, LLC d/b/a Lowe's
c/o Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN  46204

46204-244810