UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LOUISE PLOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00144-WCL-SLC |
| | ) | |
| **LOWE'S HOME CENTERS, LLC** | ) | |
| *doing business as* **Lowe's,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a motion for protective order filed by Defendant, seeking the Court's approval and entry of a proposed protective order agreed to by the parties pursuant to Federal Rule of Civil Procedure 26(c). (ECF 17). Because the proposed order (ECF 17-1) is inadequate in various ways, the Court will not enter the proposed order.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v.*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (ECF 17-1 ¶ 5), it requires a higher level of scrutiny.

*Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information.  Instead it allows a party to designate material confidential if it "include[s] any of the Defendant's policies and procedures, as well as any other information or documentation designated as confidential or supplied by the Defendant[] in response to Plaintiff's Interrogatories or Requests for Production." (ECF 17-1 ¶ 1).  However, "[i]f the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available."  *Cook*, *Inc.*, 206 F.R.D. at 249.  "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material."  *Id.*  For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection."  *Id.* at 248.  Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how."  *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Also, the proposed order should include a method for redaction, so that documents that merely "include" some confidential information are not filed under seal in their entirety.  *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining

2

the confidential information would be adequately protected by redacting only portions of the document).

The next problem is that paragraph 5 of the proposed order states that confidential information to be maintained under seal on the docket "shall be filed in a sealed envelope" with the Clerk. But Local Rule 5-3(c)(1) states that "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the *CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the Local Rules expressly require sealed documents to be filed electronically. The parties shall not file confidential information with the Court in sealed envelopes or containers, which would be in contravention of the Local Rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(b).

Another problem with the proposed order is that it restricts the disclosure of confidential information to the parties' counsel and their staff, failing to contemplate disclosure of the materials to the Court and its personnel. (ECF 17-1 ¶¶ 1, 2). Also, the proposed order's process for the return and destruction of confidential information in paragraph 2 does not provide an exception for the Court. The Court does not return any documents that have been made part of the record, whether under seal or otherwise.

Additionally, as to the provision in paragraph 6 concerning the revocation or modification of the proposed order, to be clear, the terms of a protective order cannot be modified without the Court's approval. Any modifications to the terms of the protective order are subject to the same requirements for the Court's initial approval and entry of a protective order, specifically that good cause exists and that the various safeguards required by the Seventh Circuit Court of Appeals are met. *See Shepard*, 2003 WL 1702256, at *2 (emphasizing that a

protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders").

Finally, the Seventh Circuit has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946.  The instant proposed order, however, does not contain this language.  "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945.  For these reasons, the Court DENIES the Agreed Motion for Entry of a Protective Order (ECF 17) without prejudice and declines to enter the parties' proposed agreed protective order (ECF 17-1).  The parties may submit another motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 1st day of September 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

4